# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| GEORGE LOUIS GALLEGOS, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-08-CV-435-XR |
| § | |
| TEXAS DEPARTMENT OF § | |
| TRANSPORTATION, § | |
| § | |
| *Defendant*. § | |

## ORDER

On this date, the Court considered Defendant Texas Department of Transportation's Amended Motion for Summary Judgment (Docket Entry No. 34). After reviewing Defendant's motion, Plaintiff's response, and Defendant's reply, Defendant's Motion for Summary Judgement is hereby GRANTED.

## Background

Plaintiff George Louis Gallegos brings claims for violations of Title VII. 42 U.S.C. § 2000e *et seq.* Mr. Gallegos is a Mexican-American male citizen of the United States who was formerly an employee of the Texas Department of Transportation ("TxDOT" or "the Department"). (Compl. ¶¶ 1, 13.) In December 1994, Plaintiff began his employment with TxDOT at the position of Maintenance Tech I, eventually reaching the position of Maintenance Tech IV. (*Id.* ¶¶ 9–10.) He claims that in March 2007, he inquired about promotions but that TxDOT instead promoted four Anglo individuals. (*Id.* ¶ 11.) On April 26, 2009, Gallegos received a traffic citation for disregarding school bus unloading. (*Id.* ¶ 12.) TxDOT terminated Gallegos because of the traffic citation, which was subsequently dismissed. (*Id.* 13.) Plaintiff believes that Defendant treated other

Anglo employees within his division who had more serious traffic-related offenses more favorably than the Department treated him. (*Id.* ¶¶ 15, 18.) On May 28, 2008, Gallegos filed a lawsuit against TxDOT alleging violations of Title VII. TxDOT filed an amended motion for summary judgment to which Gallegos has responded.

**Standard of Review**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the moving party meets its initial burden, the nonmoving party "must . . . set out specific facts showing a genuine issue for trial." FED.R.CIV.P. 56(e). The nonmoving party, however, "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Freeman*, 369 F.3d at 860 (citation omitted). Further, a fact is material only "if its resolution could affect the outcome of the action." *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002). The Court reviews all facts in the light most favorable to the non-moving party. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 308 (5th Cir. 2004).

**Title VII Framework**

A plaintiff must first establish a prima facie case of discrimination by showing that (1) he is a member of a protected class, (2) he is qualified for the position at issue, (3) he suffered an adverse employment action, and (4) he was replaced by someone outside the protected class or was treated

2

less favorably than others similarly-situated. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to proffer a legitimate, nondiscriminatory reason for its action. *Rachid*, 376 F.3d at 312. If the defendant satisfies its burden of production, the burden then shifts back to the plaintiff to offer sufficient evidence to create a genuine issue of material fact that either (1) the defendant's reason is false and is a pretext for discrimination, or (2) that although the defendant's reason is true the plaintiff's protected characteristic was a "motivating factor" in its decision. *Tratree v. BP N. Am. Pipelines, Inc.*, 277 Fed. Appx. 390, 394 (5th Cir. 2008).

**Analysis**

Plaintiff bases his Title VII claims on two events: (1) his termination of employment and (2) not being selected for promotions.

*Termination of Employment*

In its motion for summary judgment, TxDOT argues that the evidence establishes that it had legitimate, non-discriminatory reasons for terminating Mr. Gallegos. TxDOT states that Gallegos had a series of disciplinary problems. Defendant cites a 2003 oral reprimand that Gallegos received for driving his two children in a state vehicle while on duty, a year-long probation in 2004 when he was seen dropping off his children at school while driving a state vehicle and for taking state vehicles home at night without authorization, and a 2005 disciplinary action for failing to have a valid driver's license. TxDOT states that in light of Gallegos's misuse of state vehicles, it viewed his May 17, 2007, traffic citation for passing a school bus (while he operated a state vehicle) "as a serious safety issue." (Defs.' Am. Mot. for Summ. J. 9 (Mar. 30, 2009) [Docket Entry No. 29].) ("Mot.").

3

Plaintiff acknowledges in his response that he committed minor infractions of the Department's policies. (Pl.'s Resp. to Def.'s Mot. for Summ. J. 3–4 (Aug. 1, 2009) [Docket Entry No. 35].) ("Resp.") Gallegos, however, points to performance evaluations that indicated his performance "exceed[ed] expectations." (*Id.* at 5.) Moreover, Gallegos contends that when TxDOT terminated his employment as a result of the traffic citation, the department "failed to adhere to its basic equal employment and work rule policies and treated non-Mexican American employees in an obviously more favorable and more lenient matter." (*Id.* at 6.) Plaintiff states that his traffic citation was subsequently dismissed. (*Id.*)

To establish a prima facie case of discrimination, Plaintiff must show the following: (1) that he is a member of a protected class; (2) he suffered an adverse employment action; and (3) that he was treated less favorably than similarly-situated non-Mexican Americans. Plaintiff has established the first two elements. Mr. Gallegos is a Mexican-American—a protected class—and he suffered an adverse employment action—the termination of his employment. Gallegos points to the disciplinary records of two other TxDOT employees—Randall Lee Johnson and Kenneth Grant—to show that he was treated less favorably than similarly-situated employees. The Fifth Circuit Court of Appeals recently expounded on whether an individual is similarly situated to an employee who makes a claim of discrimination. In *Lee v. Kansas City Southern Railyard, Co.*, 574 F.3d 253 (5th Cir. 2009), the Court stated:

> [E]mployees who have different work responsibilities or who are subjected to adverse employment action for dissimilar violations are not similarly situated. This is because we require that an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken "under nearly identical circumstances." The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by

4

the same person, and have essentially comparable violation histories. And, critically, the plaintiff's conduct that drew the adverse employment decision must have been "nearly identical" to that of the proffered comparator who allegedly drew dissimilar employment decisions. If the "difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer," the employees are not similarly situated for the purposes of an employment discrimination analysis.

*Id.* at 259–60.

Gallegos argues that Johnson, an Anglo, pled guilty to a charge of driving while intoxicated, but Johnson "received no disciplinary action from [TxDOT] as a result of it" even though Gallegos "received [a] more severe disciplinary action (termination) for far less severe allegations (a traffic ticket)." (Resp. at 11, ex. 5.) Plaintiff, however, does not address Defendant's argument that 1) Johnson had no previous disciplinary history, 2) TxDOT policies mandate that the Department refer individuals to an Employee Assistance Program following an offense for driving under the influence of alcohol or drugs, and 3) that Johnson was deemed to be "not at fault" in another unrelated accident. (*See* Mot. at 12; ex. B-12). These facts do not indicate that Mr. Johnson is similarly-situated with Mr. Gallegos. Consequently, Mr. Gallegos has not provided evidence giving rise to a material issue of fact regarding disparate treatment compared to Russell Johnson.

Plaintiff argues that Grant, an African American, has a substantial disciplinary history, but has been shown leniency when compared to Mr. Gallegos.[1] Defendant argues that the majority of Grant's disciplinary issues involve his behavior while Mr. Gallegos's involve safety, that Grant is

---

[1]Mr. Gallegos's complaint alleges that TxDOT exhibited preferential treatment toward similarly-situated Anglo employees, and he reiterates this point in his deposition. (Compl. ¶ 11.); Dep. of George Louis Gallegos 29:13–31:7 (Mar. 4, 2009) (Reply ex. R.F (Aug. 15, 2009).) He now attempts to demonstrate preferential treatment for African American employees compared to similarly-situated Mexican Americans. Although not alleged in his complaint, the Court will address Mr. Gallegos's allegations.

5

employed in a different position within the Department than Gallegos that required different responsibilities, and that a different supervisor oversaw Grant. (Def.'s Reply to Pl.'s Resp. to Def.'s Am. Mot. for Summ. J. 10 (Aug. 15, 2009) [Docket Entry No. 36].) ("Reply"); 2d Aff. of Schelly Radcliffe ¶ 13 (Aug. 13, 2009) (Reply ex. R.A). Nothing in Plaintiff's response established that Mr. Grant is an employee similarly-situated to Mr. Gallegos. Aside from the fact that Plaintiff did not allege that the Department provided preferential treatment to African Americans compared to similarly-situated Mexican Americans, there is no evidence in the record that such activity occurred. Consequently, Mr. Gallegos has not provided evidence giving rise to a material issue of fact regarding disparate treatment compared to Kenneth Grant.

Because Plaintiff cannot show that he received different treatment compared to similarly-situated employees, he fails to establish a prima facie case of discrimination. Even if Gallegos presented a prima facie case of discrimination that shifted the burden to the Defendant to proffer a legitimate, non-discriminatory reason for its action, he would not be successful on his claim. In this case, the Department provided evidence of prior disciplinary action taken against Mr. Gallegos for his misuse of state vehicles and the subsequently-received traffic citation. (*See* Mot. at 7–9.) The Department provides evidence of reprimands, including a year-long work-probation and two-week suspension. (*See* Mot. app. ex. B-3, B-6, B-8.) With this evidence, the Department has sufficiently established a non-discriminatory basis for its termination of Mr. Gallegos. Moreover, the Department has provided excerpts of its Human Resources manual that describe the types of disciplinary actions that TxDOT may impose on its employees, including termination. (*See* Mot. app. ex. B-10). In spite of any point system operated by the Department's Safety Office that would assess points based on a conviction of a traffic violation, Mr. Gallegos was also subject to the

policies outlined in the Human Resources manual, which outlines requirements for professional conduct and traffic and vehicle safety.

With the Department showing a non-discriminatory basis for its termination of Mr. Gallegos, the burden would then be on Mr. Gallegos to offer sufficient evidence to create a genuine issue of material fact that either (1) the defendant's reason is false and is a pretext for discrimination, or (2) that although the defendant's reason is true, the plaintiff's protected characteristic was a "motivating factor" in its decision.

Plaintiff has not demonstrated that Defendant's proffered reasons for his dismissal are false or that his ethnicity was a motivating factor in his dismissal. First, Plaintiff has failed to provide evidence to establish a prima facie case of discrimination. Second, even if Plaintiff established a prima facie case, taken as a whole, the evidence provided fails to create a fact issue as to whether TxDOT's stated reason was what actually motivated the Department's action nor does it create a reasonable inference that Gallegos's ethnicity was a determinative factor in the actions of which he complains. *See Pratt v. City of Houston*, 47 F.3d 601, 607 (5th Cir. 2001) (quoting *Vadie v. Miss. State Univ.*, 218 F.3d 365, 373 (5th Cir.2000), *cert. denied*, 531 U.S. 1150, 121 S.Ct. 1092, 148 L.Ed.2d 966 (2001)). There being no evidence of an issue of material fact, Defendant's motion for summary judgment regarding Gallegos's termination is GRANTED.

*Promotions*

Plaintiff alleges that in March 2007, he inquired about promotions to open positions but that Defendant promoted four individuals into the positions, each of whom are Anglo. (Compl. ¶ 11.) Gallegos, a Mexican American, argues that he was "passed over" for promotion. (*Id.*) Defendant contends that Plaintiff's allegation is false, since the Department did not post any available position

in March 2007, Gallegos did not apply for positions available in January 2007, and that TxDOT hired both Anglo and Hispanic employees. (Mot. at 11.) Plaintiff does not appear to respond to these arguments.

The evidence provided fails to demonstrate that any discrimination occurred. Plaintiff's own deposition testimony indicates that he did not apply for the specific job that forms the basis of his allegation and did not believe that it would be a promotion. Gallegos Dep. 18:10–14. Likewise, TxDOT cites differences between Gallegos and the individual whom Gallegos appears to have referred in his deposition, citing that the individual's promotions were approved by a different supervisor and that he worked primarily out of another office. Furthermore, TxDOT states that Gallegos being on probation precluded any merit-based raises during the timeframe that he bases this allegation. (Mot. at 12–13.) Again, Gallegos does not appear to respond to these arguments and does not provide any evidence to create a material issue of fact. Therefore, Defendant's motion for summary judgment regarding an alleged violation of Title VII based on promotions that Gallegos did not receive is GRANTED.

*After-Acquired Evidence*

TxDOT amended its motion for summary judgment to include evidence that Gallegos incorrectly stated on his applications with the Department that he had not been convicted of a felony. (Mot. at 16.) According to TxDOT, such action would result in Plaintiff's termination. (*Id.*); Aff. of Mario G. Medina, P.E. (July 17, 2009) (Mot. app. ex. E.) ("Falsification, especially repeated falsification, of an employment application in the context of a felony conviction for a controlled substance is a serious matter, and is grounds for termination."). Gallegos argues that he "made an honest mistake based on what he was lead [sic] to believe about the terms and conditions of his

8

sentence." (Resp. at 20.)  He further contends that a genuine issue of material fact exists as to whether he knowingly and intentionally falsified his application.  (*Id.*)

"Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362–63, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995); *see also Smith v. Berry Co.*, 165 F.3d 390, 395 (5th Cir. 1999).  Here, TxDOT has declared that Mr. Gallegos would be subject to termination because of this misstatement on his application.  Because the Court has determined that Plaintiff cannot provide evidence to demonstrate a material issue of fact regarding his discrimination claims, it is not necessary for the Court to rule on this matter.

**Conclusion**

There being insufficient evidence to create a material issue of fact, Defendant's motion for summary judgment is GRANTED.

It is so ORDERED.

SIGNED this 22nd day of September, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE