# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE LOUIS GALLEGOS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-08-CV-435-XR |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ON MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL**

On this date, the Court considered Plaintiff's Opposed Motion to Extend Time to File Notice of Appeal (Docket Entry No. 47) from the final judgment issued by this Court in this case. Having considered Plaintiff's motion, the attached affidavit, and the relevant authority, the Court DENIES Plaintiff's motion.

## Background

Plaintiff George Louis Gallegos brought claims for violations of Title VII, 42 U.S.C. § 2000e *et seq.,* against his former employer, the Defendant Texas Department of Transportation ("TxDOT"). Mr. Gallegos is a Mexican-American, who claims that TxDOT terminated his employment after he received a traffic violation without affording him the opportunity to contest the citation, which was subsequently dismissed.

## Procedural History

On September 23, 2009, this Court granted Defendant's motion for summary judgment, finding that Plaintiff failed to establish a prima facie case for discrimination. The Court further

stated that even if Plaintiff established a prima facie case for discrimination, Defendant proffered a legitimate, non-discriminatory reason for its decision to terminate Mr. Gallegos. On September 25, 2009, the Court entered a judgment for TxDOT, and on October 9, 2009, Mr. Gallegos filed his motion to alter or amend the judgment, which the Court denied on October 28, 2009. TxDOT filed its bill of costs, which Plaintiff contested. On November 24, 2009, Plaintiff filed his Motion to Extend Time to File Notice of Appeal.

## Discussion

A notice of appeal must be filed with the district clerk within thirty days after the judgment is entered in a civil case. FED. R. APP. P. 4(a)(1)(A); *see also Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co.*, 383 F.3d 249, 250 (5th Cir. 2004). Rule 4 of the Federal Rules of Appellate Procedure lists the limited instances upon which the deadline to file a notice of appeal is tolled. FED. R. APP. P. 4(a)(4). "Motions addressing costs and attorney's fees, on the other hand are generally made pursuant to Rule 54, are considered collateral to the judgment, and do not toll the time period for filing an appeal." *Moody Nat'l Bank of Galveston*, 383 F.3d at 250 (citing Fed. R. Civ. P. 54(d)). Moreover, Rule 58 of the Federal Rules of Civil Procedure states: "Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. . . ." FED. R. CIV. P. 58(e).

Gallegos argues that he has filed his motion within the thirty days after the entry of the Court's order on his motion to alter or amend the judgment and that he can show good cause to warrant an extension pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). Gallegos states that he would be in a better position to evaluate the merits of possible appellate points of error once all matters before the Court have been resolved.

The only matter pending before the Court is Defendant's bill of costs and Plaintiff's objections to those costs. Gallegos acknowledges that an order on a bill of costs is collateral to the final judgment of the case. Such a collateral matter does not warrant an extension of time; it is not integral to the merits of the case. *Cf. Samaad v. City of Dallas*, 922 F.2d 216, 218 (5th Cir. 1991) ("Hence, '[a]ssessment of such costs does not involve reconsideration of any aspect of the decision on the merits.'" (quoting *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 266, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988))). Whether or not the Court's order on the bill of costs *could* provide a basis for an appeal of that order does not impact the merits of this case. Consequently, Gallegos has failed to establish good cause to warrant an extension of time.

## Conclusion

Plaintiff's Motion to Extend Time to File Notice of Appeal is hereby DENIED.

It is so ORDERED.

SIGNED this 2nd day of December, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE